Gilmore, C. J.
The original proceeding was instituted in the probate court, by the defendant in error, against the plaintiff in error, to compel it to appropriate the right of way for its railroad over a strip of land forty-five feet wide by ninety feet long, taken off the south end of her homestead lot, which lot and strip she owns in fee simple, subject to the easement in the public of an established highway, which covers the strip of land above mentioned, and on which highway the railroad company located and constructed its road, without having made an agreement either with the public authorities having charge of the highway, or with the defendant in error, for the right of way. In constructing its road the company made a fill which covers the highway, including the strip of land above mentioned, and entirely destroys the highway, as such, in front of the residence of defendant in error. All of which appears from á finding of facts by the court from the plaintiff’s testimony, which finding is made part of the record. The proceeding resulted in a verdict in favor of defendant in error, giving her compensation for the land taken, and also damages to the lot occasioned by the destruction of the highway in front of it; upon which verdict judgment was rendered.
On error prosecuted by the present plaintiff in error in the court of common pleas, this judgment was reversed. On proceedings in error instituted by the present defendant in error in the district court, the judgment of reversal was reversed, and that of the probate court affirmed. By *170 this proceeding the railroad company seeks the reversal of the judgment of the district court.
The proceedings in the probate court were under section 21 of tlm act “ prescribing the mode of assessment and collection of compensation to the owners of private property appropriated by and to the use of corporations.” 69 Ohio L. 88. This act provides that when any corporation authorized to make appropriations of private propei’ty has-taken possession of and is occupying and using the land of any person for any purpose, without having appropriated or paid for the same, and without an agreement with the owner, the latter may serve notice on the- corporation to proceed under the act to appropriate the land so taken, and on failure of the corporation for ten days to so proceed, the owner may file a petition in the probate court, setting forth the facts of such occupation by the corporation, and thereafter the proceedings in said court shall be conducted to-final judgment in all respects as provided in the act. The-act prescribes the mode of pi-oceedings in the appropriation of private property by corporations.
On the trial, after the plaintiff' in the probate court had introduced her evidence, from which the court found the-facts, as above stated, and rested, the railroad company moved the court to strike the petition from the files and dismiss the action, for the reason, among others, “ that the-ground taken and now used by defendant for their track is-in or about the middle of what was a public road or highway opened by order of the commissioners of Mahoning county, in 1847.” This motion was overruled, and the defendant excepted. This ruling is assigned for error, and raises the question whether the probate court has jurisdiction of the case under section 21 of the act referred to.
The points made by counsel for plaintiff in error are: 1. That the scope of the act is limited, to cases of the appropriation of private, as distinguished from- public property ; and that the property in this case being of the latter description, the plaintiff' mistook her remedy.
2. That the plaintiff’s only remedy is by a civil action *171 for the recovery of damages, under section 12 of the corporation act of 1852. S. & C. 278. But it may as well he said here, that this section assumes to apply only in cases where a railroad occupies a highway by agreement with the public authorities having charge thereof, or by appropriating it “ in the same manner and upon the same terms as is provided for the appropriation of the property of individuals.” The railroad company had not procured the' right to occupy the highway in question in either of the modes indicated in this section ; and inasmuch as it is not itself within the provisions of the section, the remedy provided by the section for injuries done to private property by the occupancy of the highway by it can not be applicable.
Recurring, therefore, to the first point: If the interest which the plaintiff in the probate court had in the highway was private, property, within the meaning of the constitution and laws of this state, then the case is within the' scope of the act, under the 21st section of which the proceedings were had, and the probate court did not err in overruling the motion to dismiss the action.
As between the public and the owner of land upon which a common highway is established, it is settled that the public has a right to improve and use the public highway in the manner and for the purposes contemplated at the time it was established. The right to improve includes the power to grade, bridge, gravel, or plank the road in such a manner as to make it most convenient and safe for use by the public, for the purposes of travel and transportation in the customary manner, which is well understood to be by the locomotion of man or beast, and by vehicles drawn by animals, without fixed tracks or rails to which such vehicles are confined when in motion. These constitute the easement which the public acquires by appropriating land for the right of way for a highway, and these, in legal contemplation, are what the owner is to receive-compensation for when his land is appropriated for this purpose. The fee of the land remains in the owner; he is- *172 taxed upon it; and when the use or easement in the public ceases, it reverts to him free from incumbrance.
In the exercise of the right of eminent domain, the state, through the general assembly, may delegate to a railroad corporation the power to appropriate a right of way for its road along and upon a public highway. But the appropriation for this purpose can not be constitutionally made without making compensation to the public for the injury thereby occasioned to its easement in the highway; and also making compensation to the owner of private property taken for the use indicated. In such case, the rights of the public, and the rights of the owner, are entirely distinct; and the consent, express or implied, of one to the appropriation, would not bind or affect the rights of the other. But we are not dealing with the public right. It has already been said that the plaintiff, in the probate court, was the owner in fee of the land covered by the highway. This was her private property within the meaning of the constitution, subject only to the easement of the public therein. The nature and extent of this easement was above shown. The railroad company, by occupying the highway, constructing its track, and operating its trains thereon by steam motive power, completely diverted the highway from the uses and purposes for which it was established. This new use, to which the highway has been diverted, imposes burdens on the land that are entirely different from, and in addition to, those that were imposed by the highway. The right to so divert the.use, and impose additional burdens on the land, could only be acquired by the corporation by agreement with the owner, or by appropriating and making compensation therefor, in the mode prescribed by law. Cincinnati v. Cumminsville, 14 Ohio St. 523; Hatch v. Railroad, 18 Ib. 92-122; Cooley’s Constitutional Limitations, *549.
The facts in this case clearly bring it within the provisions of section 21 of the act of 1872, under which the proceedings were had. The original jurisdiction was in the probate court. The act created no new right; for the *173 plaintiff’s right to compensation, for the new and additional burdens imposed on her land, together with damages for the injuries to, or destruction of, the easement in the highway, which was appendant to her lot, was constitutional. It did not give a new remedy; for section 1 of the act of 1865 (S. & S. 114) gave the same remedy, and it was in force at the time the highway was taken possession of by the railroad company.
The probate court did not, therefore, err in overruling the motion to dismiss the action ; and there is no error in the judgment of the district court.

Judgment affirmed.